**IN THE UNITED STATES**
**COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| Annie International, Inc.; Ayesha Spinning Mills Limited; Gerard Daniel Worldwide, Inc.; LGM Pharma, LLC; SPA Sciences Health LLC; and Wire Cloth Manufacturers, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA,<br><br>Defendants. | Court No. 26-03852 |

**COMPLAINT**

1. Plaintiffs Annie International, Inc.; Ayesha Spinning Mills Limited; Gerard Daniel Worldwide, Inc.; LGM Pharma, LLC; SPA Sciences Health LLC; and Wire Cloth Manufacturers, Inc. (collectively "Plaintiffs") are importers, as defined in 19 C.F.R. § 101.1, of merchandise into the United States subject to the challenged duties.

2. Beginning in February of this year, through a series of executive orders, President Trump invoked the International Emergency Economic Powers Act ("IEEPA") as authority to impose new and substantial tariffs ("IEEPA tariffs or duties") on goods imported from nearly every foreign country, including countries from which Plaintiff sources its imports. Plaintiffs are responsible for paying these tariffs on their imported goods.

3. On February 20, 2026, the U.S. Supreme Court struck down these tariffs, holding that "IEEPA does not authorize the President to impose tariffs." *Learning Resources, Inc. v.*

*Trump*, No. 24-1287, slip op. at 20 (U.S. Feb. 20, 2026) (affirming *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025)).

4. The Supreme Court also confirmed that challenges to the IEEPA tariffs fall "within the exclusive jurisdiction of" the Court of International Trade. *Id.* at 5. Thus, this Court has jurisdiction and authority to order remedial relief and refunds of IEEPA duties paid by importers.

5. Accordingly, for the reasons set out in *Learning* Resources, Plaintiffs seek for themselves a full refund from Defendants of all IEEPA duties Plaintiffs have paid to the United States. IEEPA does not authorize these tariffs. This Court and the U.S. Court of Appeals for the Federal Circuit have already so held. *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir.), *cert. granted*, No. 25-250, 2025 WL 2601020 (U.S. Sept. 9, 2025).

**PARTIES**

6. Plaintiffs are importers of record of various merchandise on which IEEPA duties have been paid.

7. Defendant United States Customs and Border Protection ("CBP") is the United States agency that collects duties on imports. CBP collected payments made by Plaintiffs of the IEEPA duties.

8. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

9. Defendant United States of America received the disputed tariffs and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1)(B).

10. Defendants are referred to collectively in this complaint as "CBP".

## JURISDICTION AND STANDING

11. The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1581(i) and 28 U.S.C. § 2631(i). *See V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312, 1334 (Fed. Cir. 2025), *cert. granted*, No. 25-250, 2025 WL 2601020 (U.S. Sept. 9, 2025).

12. The Court has the same powers at law, in equity, and as conferred by statute as a United States District Court. 28 U.S.C. § 1585. In a civil action under 28 U.S.C. § 1581, the Court can enter a money judgment against the United States and can order any other appropriate civil relief, including declaratory judgments, injunctions, orders of remand, and writs of mandamus or prohibition. 28 U.S.C. §§ 2643(a)(1), (c)(1).

13. Plaintiffs have standing to bring this lawsuit because they are "adversely affected or aggrieved" by agency action within the meaning of the APA. Plaintiffs are the importers of record for merchandise imported into the United States from countries subject to IEEPA duties as collected by CBP that have been held by the Supreme Court to be unlawful. 5 U.S.C. § 702; 28 U.S.C. § 2631(i). As a result of the executive orders challenged by this lawsuit, Plaintiffs have paid IEEPA duties to the United States and thus have suffered injury caused by those orders. The relief Plaintiffs seek would redress those injuries.

## GENERAL PLEADINGS

### I. The IEEPA Tariff Orders

14. On February 1, 2025, President Trump issued three executive orders imposing tariffs on imports from Canada, Mexico, and China.[1] Each executive order was premised on

---

[1] Exec. Order No. 14194, *Imposing Duties To Address the Situation at Our Southern Border*, 90 Fed. Reg. 9,117 (Feb. 7, 2025); Exec. Order No. 14193, I*mposing Duties To Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9,113 (Feb. 7, 2025); Exec. Order No. 14195, *Imposing Duties To Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9,121 (Feb. 7, 2025).

IEEPA authorizing the tariffs, and for each set of tariffs President Trump claimed that they were justified under IEEPA because of a purported national emergency. Collectively, these are referred to in this complaint as the "Trafficking Tariff Orders." Pursuant to these Orders, CBP assessed additional IEEPA duties upon Plaintiffs' entries.

15. President Trump subsequently modified the China Trafficking Tariff Order.[2]

16. On April 2, 2025, citing trade deficits with our trading partners as its own national emergency, President Trump issued Executive Order 14257, 90 Fed. Reg. 15,041 ("Reciprocal Tariff Order"), *Regulating Imports with a Reciprocal Tariff to Rectify Trade Practices that Contribute to Large and Persistent Annual United States Goods Trade Deficits*.[3] The Reciprocal Tariff Order imposed a 10% baseline tariff on nearly all imports to the United States, effective April 5, and additional "reciprocal" tariffs on 57 countries, effective April 9. *Id*. at Annex I. These higher country-specific tariffs range from 11% to 50%. *Id*.

17. President Trump subsequently modified the Reciprocal Tariff Order.[4]

18. In implementing these executive orders, the President directed changes to the Harmonized Tariff Schedule of the United States, requiring that goods subject to the IEEPA Tariff Orders be entered under new tariff codes.

---

[2] Exec. Order No. 14200, *Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9277 (Feb. 11, 2025); Exec. Order No. 14228, *Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 11,463 (Mar. 7, 2025).

[3] Exec. Order No. 14257, *Regulating Imports With a Reciprocal Tariff To Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits*, 90 Fed. Reg. 15,041 (Apr. 7, 2025).

[4] Exec. Order No. 14259, *Amendment to Reciprocal Tariffs and Updated Duties As Applied to Low-Value Imports from the People's Republic of China,* 90 Fed. Reg. 15,509 (Apr. 14, 2025); Exec. Order No. 14266, *Modifying Reciprocal Tariff Rates To Reflect Trading-Partner Retaliation and Alignment* (Apr. 9, 2025), 90 Fed. Reg. 15,625 (Apr. 15, 2025).

19. On April 14, 2025, several companies filed an action in this Court challenging the legality of these tariff orders. *See V.O.S. Selections*, No. 25-cv-00066 (Dkt. 2). As discussed below, this Court held the orders were unlawful and the Federal Circuit, sitting *en banc*, affirmed. The Federal Circuit's decision was, in turn, affirmed by the Supreme Court on February 20, 2026.

20. In the months following the *V.O.S. Selections decision*, President Trump, invoking IEEPA, has issued additional executive orders imposing additional tariffs and modifying others.

21. CBP continued to collect duties by the Challenged Tariff Orders while the *V.O.S. Selections* litigation and related litigation remained pending, and only just announced on February 22, 2026, that duties imposed under the Challenged Tariff Orders "will no longer be collected for goods entered for consumption or withdrawn from warehouse for consumption, on or after 12:00 a.m. easterntime on February 24, 2026." Cargo Systems Messaging Service Message # 67834313, *Ending Collection of International Emergency Economic Powers Act Duties* (Feb. 22, 2026).[5]

22. By this complaint, Plaintiffs seek relief as a result of all duties they have paid or will pay to the United States arising from the IEEPA executive orders ("Challenged Tariff Orders").

## II. CBP's Implementation of the IEEPA Tariff Orders

23. CBP is charged with the assessment and collection of duties. *See* 19 U.S.C. §§ 1500, 1502.

24. In 1988, Congress enacted the Omnibus Trade and Competitiveness Act of 1988, which adopted the new tariff nomenclature: the Harmonized Tariff Schedule of the United States ("HTSUS"). Pub. L. No. 100–418, 102 Stat. 1107 (1988). CBP classifies merchandise imported into the United States consistent with the HTSUS, which sets out the tariff rates and statistical

[5] Available at https://content.govdelivery.com/bulletins/gd/USDHSCBP-40b11c9?wgt_ref=USDHSCBP_ WIDGET_2.

categories using a series of nested chapters, headings, and subheadings. 19 U.S.C. § 1202. The primary headings of the HTSUS describe broad categories of merchandise, while its subheadings provide a particularized division of the goods within each category. *Id.*

25. CBP's regulations govern the classification and appraisement of merchandise, consistent with the HTSUS. 19 C.F.R. § 152.11 ("Merchandise shall be classified in accordance with the Harmonized Tariff Schedule of the United States (19 U.S.C. § 1202) as interpreted by administrative and judicial rulings.").

26. When goods enter the United States, CBP is responsible for assessing and collecting any tariffs on those goods, according to the rates established in the Harmonized Tariff Schedule of the United States ("HTSUS"). 19 U.S.C. § 1202, 1500, 1502.

27. "'Liquidation' means the final computation or ascertainment of duties on entries. for consumption or drawback entries." 19 C.F.R. § 159.1. Once the final amount of duty is determined by CBP, CBP "liquidates" the entry and notifies the importer of record as to whether the importer owes more money or is entitled to a refund. 19 U.S.C. § 1500.

28. Liquidation—unless extended—must happen within one year. See 19 U.S.C.§ 1504(a). Typically, CBP liquidates entries 314 days after the date of entry of the goods (automatic liquidation cycle) and will post a notice on its website. 19 C.F.R. § 159.9.

29. CBP has discretion to extend the deadline for liquidation for up to one year pursuant to an importer's request and a showing of good cause. See 19 U.S.C. § 1504(b)(2); 19 C.F.R. § 159.12(a)(1)(ii).

30. Once liquidation has occurred, and if the liquidation is protestable, the importer of record has 180 days after liquidation to file a protest contesting the liquidation, asking CBP to "reliquidate" the duties, and any other CBP decisions encompassed therein. 19 U.S.C § 1514(a).[6]

31. This Court possesses the equitable authority to suspend liquidation. See, e.g., In re Section 301 Cases, 524 F. Supp. 3d at 1365-66.

32. In *AGS Co. Automotive Sol. v. U.S. Customs and Border Protection, et. al.,* No. 25-00255 (Ct. Int'l Trade Dec. 15, 2025) ("AGS"), a three-judge panel of this Court confirmed the authority of this Court to reliquidate entries subject to the IEEPA duties. *Id.* In a related action, the government has represented that it "will not object to the Court reliquidating any of plaintiffs' entries subject to IEEPA duties that are found to be unlawful." *Princess Awesome, LLC v. U.S. Customs and Border Protection, et. al*., No. 25-078, ECF No. 16 at 12 n.4 (Ct. Int'l Trade May 23, 2025).

**III. The Supreme Court has held the IEEPA duties are not authorized.**

33. On May 28, 2025, a three-judge panel of this Court granted summary judgment to the Plaintiffs in *V.O.S. Selections* and permanently enjoined the government from enforcing the IEEPA duties at issue in that case. That decision was appealed to the Court of Appeals for the Federal Circuit.

34. The Federal Circuit stayed this Court's decision and injunction and ordered an expedited briefing schedule and hearing.

35. Sitting *en banc*, the Federal Circuit issued its decision on August 29, 2025, affirming this Court's decision that the IEEPA duties are unlawful. *See V.O.S. Selections, Inc. v.*

---

[6] CBP can also voluntarily reliquidate within 90 days of the liquidation. *See* 19 U.S.C. § 1501.

*Trump*, 149 F.4th 1312 (Fed. Cir. 2025), *cert. granted*, No. 25-250, 2025 WL 2601020 (U.S. Sept 9, 2025).

36. In a separate lawsuit filed by a different group of importers, the U.S. District Court for the District of Columbia held that IEEPA does not authorize tariffs of any sort. *See Learning Res., Inc. v. Trump, 784 F. Supp. 3d 209 (D.D.C. 2025), cert. granted before judgment, No. 24-1287, 2025 WL 2601021 (U.S. Sept. 9, 2025).* That decision was appealed to the Court of Appeals for the D.C. Circuit, but before the D.C. Circuit held argument, the United States Supreme Court granted certiorari in both *V.O.S. Selections* and *Learning Resources.* The cases were consolidated, with argument on November 5, 2025.

37. The cases were consolidated, with argument before the Supreme Court on November 5, 2025.

38. On February 20, 2026, the Supreme Court issued its opinion in both cases, holding that "IEEPA does not authorize the President to impose tariffs." *Learning Resources,* slip op. at 20.[7]

**IV. Plaintiffs Paid Preliminary IEEPA Duties**

39. As of the date of this Complaint, Plaintiffs have paid IEEPA duties imposed by the IEEPA Tariff Orders.

**COUNT I**
**THE CHALLENGED TARIFF ORDERS ARE UNLAWFUL FOR THE REASONS STATED BY THE SUPREME COURT IN LEARNING RESOURCES**

40. Plaintiffs incorporate paragraphs 1-39 above by reference.

[7] This complaint cites to the "Learning Resources" slip opinion because that was the lead case at the Supreme Court for purposes of the case caption. The Learning Resources case itself was vacated for lack of jurisdiction, while the Federal Circuit's decision in V.O.S. Selections was affirmed.

41. In *Learning Resources,* the Supreme Court considered challenges to the President's authority to impose tariffs under IEEPA and this court's ruling and the Federal Circuit's affirmance of this court's opinion in *V.O.S. Selections, Inc. v. Donald J. Trump*, 772 F. Supp. 3d. 1350, 1383 (Ct. Int'l Trade 2025), aff'd, 149 F.4th 1312 (Fed. Cir. 2025), holding that the President exceeded his authority under IEEPA, 50 U.S.C. § 1701 *et seq*., when he imposed tariffs on imported goods.

42. The Supreme Court held that all tariffs imposed under IEEPA are unlawful. In the Supreme Court's words, "[o]ur task … is to decide only whether the power to 'regulate . . . importation,' as granted to the President in IEEPA, embraces the power to impose tariffs. It does not." *Learning Resources*, slip op. at 16. The Supreme Court thus affirmed the Federal Circuit's decision, which for its part had affirmed this Court's ruling on the merits of the IEEPA tariffs. *Id.* at 21.

43. The Challenged Tariff Orders purport to impose duties and modify the Harmonized Tariff Schedule of the United States solely under IEEPA.

44. In its motion to the Federal Circuit in *V.O.S. Selections* to stay the CIT's judgment, CBP confirmed that "[i]f tariffs imposed on plaintiffs during these appeals are ultimately held unlawful, then the government will issue refunds to plaintiffs, including any post-judgment interest that accrues." Gov't. Mot. Stay Pending Appeal at 25, *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025).

45. This Court is bound by the *Learning Resources* decision and as a result of that decision should order refunds of all IEEPA duties paid by Plaintiffs, with interest as provided by law.

46. On March 4, 2026, the Court of International Trade issued an Order in *Atmus Filtration, Inc. v. United States*, Court No. 26-01259, directing CBP: 1) to liquidate any and all

unliquidated entries that were subject to the IEEPA duties without regard to the IEEPA duties; and 2) to reliquidate any liquidated entries for which liquidation is not final.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court:

a) order CBP to reliquidate any entries that have been liquidated with IEEPA duties;

b) order CBP to liquidate all unliquidated entries subject to IEEPA duties without IEEPA duties;

c) order the United States to refund to Plaintiffs the duties collected from Plaintiffs on all entries subject to IEEPA duties, with interest as provided by law;

d) award Plaintiffs their reasonable costs, including attorneys' fees, incurred in bringing this action; and

e) grant such further relief as this Court deems proper.

Respectfully submitted,

*<u>/s/ Lizbeth R. Levinson</u>*
Lizbeth R. Levinson

FOX ROTHSCHILD LLP
2020 K Street, NW
Suite 500
Washington, DC 20006
Email: bpowell@foxrthschild.com

*Counsel for Plaintiffs*

Dated: September 2, 2026